SHARON L. MILLER, PERSONAL REPRESENTATIVE
OF THE ESTATE OF WAYNE K. MILLER,
DECEASED, APPELLANT, V.
STATE OF NEBRASKA, APPELLEE.

302 N.W.2d 692

Filed February 27, 1981. No. 43184.

E. Terry Sibbernsen of Welsh, Sibbernsen and Bowen and J. Marvin Weems for appellant.

Paul L. Douglas, Attorney General, and John R. Thompson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and COLWELL, District Judge.

PER CURIAM.

This is a wrongful death action against the State of Nebraska, brought in Lancaster County, Nebraska, under the state Tort Claims Act. Wayne K. Miller died as the result of injuries sustained in an automobile accident in Wheeler County, Nebraska, on January 30, 1976. The accident occurred when a pickup truck traveling in a northerly direction on U. S. Highway 281 collided with the automobile being operated by Miller. The petition alleged that the accident happened when the right front wheel of the pickup truck dropped off the hard-surfaced portion of the highway onto the soft shoulder. In attempting to turn back onto the highway, the driver of the truck lost control of his vehicle. The truck then veered across

the highway and collided head-on with the Miller vehicle.

The petition alleged that the State was negligent in failing to post warning signs; in allowing the drop-off to exist; in designing, constructing, and maintaining the highway with the shoulder 3 to 4 inches lower than the hard-surfaced portion of the highway; and in failing to provide a safe roadway.

The trial court sustained a motion of the defendant striking the allegations concerning negligent "design" of the highway from the petition. Later, the action was dismissed because it had not been filed in Wheeler County, the county where the accident occurred. The plaintiff has appealed.

Neb. Rev. Stat. § 81-8,214 (Reissue 1976) requires that the action be brought in the county where the act or omission occurred. The plaintiff's theory of the case is that the action could be brought in Lancaster County because the Department of Roads was negligent in "its policies, judgments and actions" which occurred at its principal place of business in Lancaster County, Nebraska. Only the allegation of negligent design could be considered under this theory.

The trial court sustained the motion to strike the allegation of negligence in the design of the highway on the theory that the design of the highway was a discretionary function or duty within the statutory exception. The state Tort Claims Act excludes "[a]ny claim based . . . upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion be abused." Neb. Rev. Stat. § 81-8,219 (Reissue 1976). We do not decide that issue.

If we assume, for the purpose of discussion, that negligent design would not be exempt under the act, it could not be actionable until the highway was actually built. Design alone could never be the cause of an injury. In the event of an accident caused by

construction and maintenance of a highway in accordance with such a design, it would be the construction and maintenance of the highway which would be the proximate cause of any injury and the basis for the action. Accordingly, the action would have to be brought in the county where the act or omission occurred — the county where the accident happened. § 81-8,214. This construction appears to conform to the legislative intent as expressed during the consideration of the act.

The plaintiff requested that in the event the trial court determined the action could not be brought in Lancaster County, the action be transferred to Wheeler County. This request was properly denied. The statutory provisions authorizing the transfer of an action where the venue was improper are not applicable to suits under the state Tort Claims Act. *Catania v. The University of Nebraska*, 204 Neb. 304, 282 N.W.2d 27 (1979).

The judgment of the District Court is affirmed.

AFFIRMED.

BOSLAUGH, J., concurring.

While I concur in the judgment of the court, I believe the decision of the trial court that the design of the highway was a discretionary function or duty within the statutory exception was correct.

Although there is some conflict in the authorities, the majority of the cases which have considered this issue support a rule that, generally, highway design involves a discretionary function. See, *Smith v. Cooper*, 256 Or. 485, 475 P.2d 78, 84 (1970); *Donnelly v. Ives*, 159 Conn. 163, 268 A.2d 406 (1970); D. Bennett & D. Sather, *State Tort Liability — The Design, Construction and Maintenance of Public Highways — Vehicular Accidents*, 19 Drake L. Rev. 33 (1969).

In *Richardson & Gillispie v. State*, 200 Neb. 225, 263 N.W.2d 442 (1978), the allegation of negligence involved the curve in the highway where the accident had occurred. We held that "the decision to adhere to

the former design involved a discretionary function or duty which fell within the statutory exceptions under the State Tort Claims Act."