Debra Lee UPCHURCH, etc., et
al., Appellants,

v.

PIPER AIRCRAFT CORPORATION,
etc., et al., Appellees.

No. 83–2186.

United States Court of Appeals,
Eighth Circuit.

Submitted May 7, 1984.

Decided May 22, 1984.

Woods, Fuller, Shultz & Smith, P.C. and Gary P. Thimsen, Sioux Falls, S.D., for appellee Thorson Aviation, Inc.

Lawrence L. Piersol, Monte R. Walz, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S.D., for appellee Piper Aircraft.

Buck, Merritt & Hoyt, Oklahoma City, Okl., Michael H. Dow, Local Counsel, Swanson, Carter & Dow, Sioux Falls, S.D., for appellants.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ARNOLD, Circuit Judge.

Appellants, survivors of victims of a plane crash that occurred in Iowa in 1980, appeal the District Court's[1] dismissal of their complaint against Thorson Aviation and the manufacturer of the aircraft, Piper Aircraft Corporation. The District Court dismissed the complaint because it was duplicative of a complaint filed earlier by appellants against the same defendants in the Northern District of Iowa. Appellants allege that the dismissal was an abuse of discretion because:

   a.  issues relating to proper venue remain unresolved; and

   b.  they are entitled to maintain two separate actions in the absence of a showing of severe hardship to appellees.

We hold that there was no abuse of discretion and therefore affirm the judgment.

_____

1. The Hon. John B. Jones, United States District    Judge for the District of South Dakota.

## I. Venue

Appellants initially argued that at the time of the District Court's dismissal, questions remained about whether the District Court for the Northern District of Iowa had personal jurisdiction over appellee Thorson Aviation, and whether the District Court for the District of South Dakota had personal jurisdiction over Piper Aircraft. They argued that both actions should be allowed to proceed until the jurisdictional issues were resolved or, at least, that the proceedings in the District of South Dakota should be stayed rather than dismissed.

▪ Thorson Aviation later consented to the exercise of personal jurisdiction by the District Court for the Northern District of Iowa. Thereupon, appellant took the position that both the Iowa and South Dakota lawsuits should be allowed to continue because a question existed as to the Iowa court's jurisdiction over the United States as a defendant. In their complaint appellants alleged that the United States committed negligent acts in both South Dakota and Iowa. Title 28 U.S.C. § 1402(b) provides that any civil action on a tort claim under 28 U.S.C. § 1346(b) may be brought only in the district where the plaintiff resides *or the act occurred.* The United States made no objection to venue when it answered the complaint filed in the Northern District of Iowa. Any venue objection it might have had has thus been waived.

▪ Appellants then asserted their current position on this issue, contending that no appellate decision holds that 28 U.S.C. § 1402 is a venue statute rather than a jurisdictional statute. They assert that if § 1402 is a jurisdictional statute, the District Court for the Northern District of Iowa might ultimately dismiss their complaint against the United States, leaving them without a remedy against that defendant.

Section 1402(b) was formerly the venue provision of 28 U.S.C. § 931(a) (1946 ed.), relating to federal tort claims. When Title 28 of the United States Code was revised in 1948, the jurisdictional provisions of § 931(a) were incorporated in 28 U.S.C. § 1346(b) and the venue provisions in § 1402(b). Section 1346(b) was incorporated in Chapter 85, entitled *District Courts: Jurisdiction;* § 1402(b) was incorporated in Chapter 87, entitled *District Courts: Venue.* Act of June 25, 1948, ch. 646, 62 Stat. 869, 933, 937.

Contrary to appellant's contention, § 1402(b) has been construed as a venue statute. *United States Lines, Inc. v. United States,* 470 F.2d 487, 489 (5th Cir.1972) (per curiam); *United States v. Acord,* 209 F.2d 709, 711–14 (10th Cir.), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786 (1954); *Nowotny v. Turner,* 203 F.Supp. 802, 805 (M.D.N.C. 1962). We agree. There is therefore no venue issue that remains to be resolved.

## II. Right to maintain separate actions

▪ As the Ninth Circuit stated in *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94–95 (9th Cir.1982):

There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.... Normally sound judicial administration would indicate that when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action.

(Citations omitted.)

Appellants have cited no justification other than the previously discussed venue consideration for rejecting this "first to file" rule. They do not otherwise dispute the District Court's characterization of the South Dakota lawsuit as duplicative of the Iowa lawsuit. There is no purpose to be served by allowing this action to remain pending.

It was not an abuse of discretion for the District Court to dismiss this complaint.

Affirmed.