Richard B. HYDE, Mary E. Hyde,
Tracy M. Blasch and Randall W.
Blasch, Appellees,

v.

William E. BUCKALEW and Schanno
Transportation, Inc., Appellants.

William E. BUCKALEW and Schanno
Transportation, Inc., Appellants,

v.

STATE of Iowa, Appellee.

No. 85–1601.

Supreme Court of Iowa.

Oct. 15, 1986.

Gregory T. Racette of Gallagher, Lang-las & Gallagher, P.C., Waterloo, for appellants.

Thomas J. Miller, Atty. Gen., and Catherine L. Winslow, Asst. Atty. Gen., for appellee State of Iowa.

Joseph P. Zwack and Leo A. McCarthy, Dubuque, for appellees Richard B. Hyde,

Mary E. Hyde, Tracy M. Blasch, and Randall W. Blasch.

Considered by REYNOLDSON, C.J., and LARSON, SCHULTZ, WOLLE, and NEUMAN, JJ.

WOLLE, Justice.

A two-vehicle collision near New Hampton in Chickasaw County spawned law suits in both Chickasaw and Dubuque Counties involving several claims and cross-claims. During pretrial proceedings the district court dismissed a cross-petition against the State of Iowa filed by defendants in the Dubuque County action and also denied a motion for consolidation of the two lawsuits. We granted defendants' application for interlocutory appeal from those rulings. We reverse the district court's dismissal of the cross-petition and remand the case for further proceedings, including reconsideration of the motion to consolidate.

On February 5, 1984, during a snowstorm, a southbound truck driven by William E. Buckalew and leased by Schanno Transportation, Inc. (collectively referred to as defendants) collided with a car that had become stuck in snow while southbound on a highway in Chickasaw County. Inside the car at the time of the collision were its driver Richard E. Hyde and passengers Mary E. Hyde and Tracy M. Blasch. Randall W. Blasch and James Rochford were outside the Hyde vehicle attempting to push it out of the snow. The Hydes, Blasches, and Rochford all contend they were injured in the collision. The Hydes and Blasches (collectively referred to as plaintiffs) were residents of Dubuque County and commenced their personal injury action against defendants in Dubuque County District Court in June of 1984. Rochford, who was not an Iowa resident, subsequently filed a separate personal injury action against defendants in Chickasaw County District Court. Neither Rochford nor the plaintiffs made claims against each other.

Defendants, residents of Minnesota and Illinois, asserted counterclaims against the plaintiffs in their answers in both lawsuits. Defendants then filed and served cross-petitions against the State of Iowa in both the Dubuque County and Chickasaw County cases, seeking judgments for indemnity and contribution based on the alleged negligence of the State in maintaining and inspecting the highway. The State initially filed answers in both lawsuits generally denying the substantive allegations of the cross-petition without raising any issue of jurisdiction or venue. Thereafter the State in the Dubuque County action filed alternative motions (1) to dismiss the defendants' cross-petition for lack of jurisdiction and (2) to consolidate the Chickasaw and Dubuque County actions for trial in Dubuque County. Defendants resisted the motion to dismiss, and the plaintiffs resisted the motion for consolidation. We review first the trial court's grant of the motion to dismiss, then its refusal to consolidate the two actions.

I. *The State's Motion to Dismiss.*

Iowa Code section 25A.4 (1983), the statutory provision on which the State's motion to dismiss was based, provides in pertinent part:

The district court of the state of Iowa for the district in which the plaintiff is resident or in which the act or omission complained of occurred, or where the act or omission occurred outside of Iowa and the plaintiff is a nonresident, the Polk county district court has exclusive jurisdiction to hear, determine, and render judgment on any suit or claim as defined in this chapter. However, the laws and rules of civil procedure of this state on change of place of trial apply to such suits.

The parties disagree on whether the word "plaintiff" in the statute refers only to the original plaintiffs in the lawsuit or may also refer to parties, like the defendants here, who as third-party plaintiffs seek indemnity or contribution from the State. We need not resolve that ambiguity in this case. The first question we must answer is whether the portion of this stat-

ute relied on by the State—the language identifying locations where district courts may hear state tort claims—circumscribes the jurisdiction of the district court or is merely a venue provision which the state may waive. The district court granted the State's motion to dismiss without addressing the difference between jurisdiction and venue. It noted that the State's motion to dismiss "appears to rest on questionable foundation" but concluded that the issues raised by the cross-petition in the Dubuque County action could as well be resolved in the Chickasaw County action. We deem the distinction between jurisdiction and venue crucial to a correct disposition of the motion to dismiss. We conclude the issue characterized by the State as a matter of subject matter jurisdiction is really a question of venue which the State waived by filing its answer before protesting that defendants had chosen the wrong forum.

■ Iowa Code chapter 25A, the Iowa Tort Claims Act, grants only a limited waiver of sovereign immunity, and the State may be sued in tort only to the extent provided in that chapter. Iowa Code § 25A.4 (1983); *see Balster v. State*, 360 N.W.2d 788, 789 (Iowa 1985); *Hansen v. State*, 298 N.W.2d 263, 265 (Iowa 1980). The issue whether the legislature intended to waive its sovereign immunity with respect to a particular type of claim is a matter of jurisdiction, the power of the court to hear and adjudicate a particular class of cases, and the State may raise that issue by motion to dismiss at any stage of the proceeding. *State v. Ryan*, 351 N.W.2d 186, 187 (Iowa 1984); *In re Marriage of Carlson*, 338 N.W.2d 136, 140 (Iowa 1983); *Kernodle v. Commissioner of Insurance*, 331 N.W.2d 132, 133 (Iowa 1983); *Powell v. Khodari-Intergreen Co.*, 303 N.W.2d 171, 173 (Iowa 1981).

■ Venue, on the other hand, is ordinarily not jurisdictional but refers to the place where the cause sued upon should be tried. *Wederath v. Brant*, 287 N.W.2d 591, 594 (Iowa 1980). Iowa Rule of Civil Procedure 175(a) specifically provides in part:

An action brought in the wrong county may be prosecuted there until termination, unless a defendant, before answer, moves for its change to the proper county.

*See Countryman v. Mt. Pleasant Bank & Trust Co.*, 357 N.W.2d 599, 603–04 (Iowa 1984); 1 Vestal & Willson, *Iowa Practice*, § 9.46, at 61 (1983); *see generally*, 1 J. Moore, *Moore's Federal Practice Rules Pamphlet* § 12.8 (1986); 77 Am.Jur.2d *Venue* § 47 (1975 & Supp.1986).

■ For two reasons we believe the language of section 25A.4 concerning the location of the court which should "hear, determine and render judgment on any suit or claim" limits venue but not jurisdiction of the district court.

Section 25A.4 explicitly provides in its second sentence:

However, the laws and rules of civil procedure of this state on change of place of trial apply to such suits.

One rule of civil procedure concerning change of place of trial which that sentence incorporates by reference is the above-quoted portion of rule 175(a) which in essence requires a defendant "before answer" to move for a change of venue to the proper county, the objection otherwise being waived. We construe section 25A.4 to give Iowa district courts (as distinguished from federal courts) exclusive jurisdiction over state tort claims, but we treat the place of trial as a matter of venue governed by section 25A.4 and by other "laws and rules of civil procedure," including rule 175(a).

This construction of section 25A.4 is consistent with the construction federal courts have placed upon federal statutes governing tort claims against the United States. We have frequently turned to federal law in construing Iowa Code chapter 25A because our statute is modeled after the Federal Tort Claims Act. *See Feltes v. State*, 385 N.W.2d 544, 547 (Iowa 1986) (citing several Iowa cases which gave great

weight to relevant federal decisions construing identical or similar federal statutory provisions); *Adam v. Mount Pleasant Bank & Trust Co.*, 340 N.W.2d 251, 252 (Iowa 1983) ("Because our statute is based on the federal Tort Claims Act, we assume our legislature intended it to have the same meaning as the federal statute.").

It is apparent that the language of Iowa Code section 25A.4 concerning the places for trial of state tort claims is borrowed from 28 United States Code section 1402(b) (1981), one of several federal venue statutes, which provides:

> Any civil action on a tort claim against the United States under subsection (b) of section 1346 of this title [the provision conferring jurisdiction on federal courts] may be prosecuted only in the judicial district where the plaintiff ' resides or wherein the act or omission complained of occurred.

Federal courts have consistently held that this language limits venue but not jurisdiction of the federal district court. *See, e.g., Upchurch v. Piper Aircraft Corp.*, 736 F.2d 439, 440 (8th Cir.1984); *United States v. Acord*, 209 F.2d 709, 711–14 (10th Cir.), *cert. denied*, 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954); *Nowotny v. Turner*, 203 F.Supp. 802, 805 (M.D.N.C.1962). We presume that our legislature understood, when it borrowed that language from 28 United States Code section 1402(b), that Iowa Code section 25A.4 to that extent would also be characterized as a venue provision, not a limitation on the district court's power to hear and decide Iowa state tort claims. The author of a law review article published shortly after the passage of chapter 25A, commenting on the pertinent language of section 25A.4, wrote that "it appears that the venue provision was copied from the Federal Tort Claims Act" and added,

> [t]he federal courts have rejected the government's contention that the venue provision of the Federal Tort Claims Act is jurisdictional.

D. Bennett, *Handling Tort Claims and Suits Against the State of Iowa* Part I, 17 Drake L.Rev. 189, 195–96 (1968).

■ The State waived its objection to the defendants' filing of their cross-petition in the district court of Dubuque County by failing to challenge venue before filing its answer to the cross-petition. We therefore reverse the district court's grant of the State's motion to dismiss and reinstate the defendants' cross-petition in the Dubuque County action.

## II. *The State's Motion to Consolidate.*

We have also granted the defendants' application for interlocutory review of the district court's denial of the State's motion to consolidate the two cases pending in Dubuque and Chickasaw Counties. Defendants joined with the State in requesting consolidation and a single trial in Dubuque County, contending that the two lawsuits evolved from the same series of events, involved nearly identical evidence, witnesses, parties, claims, and cross-claims, and presented common questions of law and fact. They argued that consolidation of the actions would "avoid unnecessary litigation, costs and delay, and ... promote the interest of justice." The plaintiffs in the Dubuque County action resisted the motion to consolidate but in the alternative asked that a consolidated trial be held in Dubuque County. Rochford, plaintiff in the Chickasaw County lawsuit, resisted the motion to consolidate but in the alternative requested that a consolidated trial be held in Chickasaw County. No party resisting consolidation contended that cases filed in different counties could not be consolidated.

In denying the motion to consolidate, the district court wrote:

> [T]he issues involved in the above-entitled cause are sufficiently complex that the addition of an entirely new action, although arising out of the same accident, would create a source of confusion for the jury and an intolerable burden for the trial court in determining an equitable method of determining order of

**804**

precedence, number of strikes and instructions to the jury.

■ We have long given trial courts considerable discretion to determine whether two or more actions should be consolidated for trial pursuant to Iowa Rule of Civil Procedure 185. *See Schupbach v. Schuknecht,* 204 N.W.2d 918, 920–21 (Iowa 1973); *Liberty Loan Corp. v. Williams,* 201 N.W.2d 462, 464 (Iowa 1972); *Hamdorf v. Corrie,* 251 Iowa 896, 901–02, 101 N.W.2d 836, 839–40 (1960). We emphasize, however, that the modern and enlightened trend is to combine in one action for trial all claims and actions involving several persons injured in a single incident "even though there may be differences in the rules of law applicable to the parties as drivers or passengers or differences in testimony and instructions relating to damages." 2 Vestal & Willson, *Iowa Practice* § 34.04, at 17 (1984); Annot., 68 A.L.R.2d 1372, 1378 (1959 & Supp.1984).

These two cases certainly appear to have sufficient similarity of parties, claims and issues to warrant consolidation for trial. We need not in this case, however, decide whether the trial court abused its discretion in denying consolidation. The trial court may well have considered as an important factor in its denial of consolidation the ruling it made at the same time dismissing the defendants' cross-petition against the State. The result of that ruling was that the State was a third-party defendant in one of the two lawsuits but not the other. Our reversal of that ruling changes the circumstances relevant to the issue whether the two cases should be consolidated.

On remand the district court should take a fresh look at the motion to consolidate now that the State is once again a third-party defendant in both actions, deciding whether the two cases should now be consolidated and tried together either in the district court for Dubuque County or the district court for Chickasaw County.

REVERSED AND REMANDED WITH DIRECTIONS.