**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VICTORIA A. JEDROWICZ,
<u>Plaintiff-Appellant,</u>

v.

GIANT FOODS, INC.,
<u>Defendant-Appellee,</u>

and

ROYAL AHOLD; J. SAINSBURY (USA)
HOLDINGS, INCORPORATED; PETER
MANOS, in his official capacity;
BRIAN KAMISCINSKI, District Manager
in his Official Capacity; FRANK
PODGORSKI, Store Manager in his
Official Capacity,
<u>Defendants.</u>

No. 99-2219

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-98-3899-WMN)

Submitted: May 16, 2000

Decided: May 31, 2000

Before WIDENER and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Jo Ann P. Myles, Largo, Maryland, for Appellant. Robert G. Ames, Connie N. Bertram, VENABLE, BAETJER, HOWARD & CIVILETTI, L.L.P., Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Victoria A. Jedrowicz appeals the district court's order dismissing her complaint against her employer, Giant Foods Incorporated ("Giant"), alleging that she was retaliated against for engaging in protected activity. The district court dismissed Jedrowicz's amended complaint because: (1) it contained claims duplicitous of claims against Giant contained in another of Jedrowicz's lawsuits, and (2) the non-duplicitous claims did not state a valid claim of retaliation because Jedrowicz did not allege an adverse employment action.

We review the district court's dismissal of an action as duplicitous for abuse of discretion. See Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223-24 (7th Cir. 1993); Upchurch v. Piper Aircraft Corp., 736 F.2d 439, 440 (8th Cir. 1984). In 1996, Jedrowicz filed an employment discrimination against Giant alleging, among other things, that she had been retaliated against for complaining of discrimination ("the 1996 action"). In 1998, Jedrowicz filed another complaint against Giant alleging that Giant retaliated against her after she filed the 1996 action ("the 1998 action"). The 1998 action is the subject of this appeal.

Giant filed a motion to dismiss the 1998 action on the basis that it was in part duplicitous of the 1996 action. Giant supported its claim by demonstrating that the allegations in the 1998 action were also

2

contained in Jedrowicz's responses to interrogatories filed in the 1996 action. The district court agreed with Giant and dismissed many of Jedrowicz's claims in the 1998 action as being duplicitous of the 1996 action.

In Young-Henderson v. Spartanburg Area Mental Ctr., 945 F.2d 770 (4th Cir. 1991), we found that a complaint is not amended by facts contained in responses to interrogatories. In Young-Henderson, the plaintiff responded to interrogatories by referring to events that occurred after the lawsuit was filed. We stated that the "honest response to an interrogatory was not sufficient basis to assert a legal claim. As a general rule, facts accruing after the suit is brought may not be inserted by way of amendment but must be added by supplemental pleading." Id. at 775 (citing Fed. R. Civ. P. 15(d)). Accordingly, in that case, the second action was not properly dismissed on the basis that the allegations in that complaint had been included in answers to interrogatories in a prior action. See id.

We find that the district court erred by dismissing as duplicitous part of Jedrowicz's 1998 action. The 1996 action was not supplemented pursuant to Rule 15(d) with any of the events occurring after the 1996 action was filed and contained in the 1998 action. The district court is under no obligation to consider the post-1996 action allegations contained in the responses to interrogatories when it considers the merits of the 1996 action. See, e.g., Perry v. Village of Arlington Heights, 186 F.3d 826, 830 (7th Cir. 1999) ("[T]he district court did not err by refusing to consider Perry's supplemental affidavits addressing facts that arose after the filing of Perry's complaint."). Thus, by dismissing the 1998 action, the district court may have deprived Jedrowicz of a forum in which to have the post-1996 action allegations litigated. As to these claims we vacate and remand for further proceedings.

We review de novo the court's dismissal for failure to state a claim. See Mayes v. Rapoport, 198 F.3d 457, 460 (4th Cir. 1999). The district court dismissed for failure to state a claim Jedrowicz's allegations that she was not allowed to wear Birkenstock sandals, that Giant did not permit her to be measured for a new uniform, and that she was assigned to a cash register in a remote location. We have reviewed the record and the district court's memorandum and find no reversible

3

error as to these claims. Accordingly, we affirm the dismissal of these.

In sum, we vacate that part of the district court's order finding Jedrowicz's allegations duplicitous and remand for further proceedings. We affirm that part of the district court's order dismissing those allegations found not to state a claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED
IN PART, AND REMANDED

4