JAMES B. JACKSON, APPELLANT, V. HOLLY JENSEN, DIRECTOR OF
THE DEPARTMENT OF MOTOR VEHICLES, STATE OF NEBRASKA,
APPELLEE.

407 N.W.2d 758

Filed June 19, 1987.   No. 85-920.

Michael Kelley and William G. Latka, for appellant.

Robert M. Spire, Attorney General, and Michele M.
Wheeler, Special Assistant Attorney General, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE,
SHANAHAN, and GRANT, JJ.

HASTINGS, J.

Plaintiff appeals from an order which sustained defendant's
demurrer and dismissed his petition on appeal. The plaintiff
attempted to appeal from an order of the defendant, director of
the Department of Motor Vehicles, which had revoked his
motor vehicle operator's permit because of an alleged refusal to
take a breath test. This followed an arrest for suspected driving
while intoxicated in Sarpy County.

Neb. Rev. Stat. § 39-669.18 (Reissue 1984) of the Nebraska
implied consent law permits any person who feels aggrieved
because of a revocation of driving privileges to appeal to the
district court of the county where the alleged events occurred

for which the operator was arrested. Defendant demurred to the petition filed in the district court for Douglas County, which the court sustained because of improper venue. Shortly thereafter, plaintiff filed a motion to transfer his petition to the district court for Sarpy County, which was denied.

According to the dictates of *Peck v. Dunlevey*, 184 Neb. 812, 172 N.W.2d 613 (1969), Sarpy County was the proper and only jurisdiction capable of hearing this case. The requirements of a statute such as § 39-669.18 governing the right to appeal are mandatory and must be complied with in order for the appellate court to acquire jurisdiction. *Gilmore v. Nebraska Crime Vict. Rep. Bd., ante* p. 640, 407 N.W.2d 736 (1987).

Plaintiff's contention that his motion to transfer his case to Sarpy County under the provisions of Neb. Rev. Stat. § 25-410 (Reissue 1985) should have been granted is unavailing because the district court for Douglas County never acquired jurisdiction permitting it to act. *Gilmore v. Nebraska Crime Vict. Rep. Bd., supra.*

Similarly, his request that we recognize his petition on appeal as an error proceeding is also without merit because Neb. Rev. Stat. § 25-1905 (Reissue 1985) requires that a transcript of the proceedings containing the final judgment sought to be reversed must be *filed with the petition in error*. The transcript was not filed until some days after the filing of the petition. A transcript of the proceedings in the lower tribunal must be filed with the petition in error in order to confer jurisdiction upon the district court. *School Dist. No. 39 v. Farber*, 215 Neb. 791, 341 N.W.2d 320 (1983).

The judgment of the district court was correct and is affirmed.

AFFIRMED.