Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/09/2021 08:09 AM CST

Austin Peterson, appellant, v. Jodi
Jacobitz, now known as Jodi
Ronhovde, appellee.

___ N.W.2d ___

Filed February 9, 2021.    No. A-20-097.

1. **Jurisdiction: Juvenile Courts: Appeal and Error.** A jurisdictional issue that does not involve a factual dispute presents a question of law. An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.

2. **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.

3. **Adoption: Appeal and Error.** Appeals in adoption proceedings are reviewed by an appellate court for error appearing on the record.

4. **Judgments: Appeal and Error.** When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable.

5. **Jurisdiction: Venue.** Where a trial court does not have subject matter jurisdiction over a case, it likewise does not have proper jurisdiction to transfer the case to a court that can exercise subject matter jurisdiction.

6. **Actions: Jurisdiction.** A court action taken without subject matter jurisdiction is void.

7. **Jurisdiction: Venue: Words and Phrases.** Jurisdiction is the inherent power or authority to decide a case; venue is the place of trial of an action—the site where the power to adjudicate is to be exercised.

8. **Adoption: Paternity: Jurisdiction.** The procedure for adjudicating paternity set forth in Neb. Rev. Stat. § 43-104.05 (Reissue 2016) is an integral part of the statutory mechanism for the adoption of a child born out of wedlock and is therefore a matter of adoption which falls within

the exclusive jurisdiction of the county court or, under certain circumstances, a separate juvenile court.

Appeal from the County Court for Buffalo County: John P. Rademacher, Judge. Reversed and remanded for further proceedings.

Vikki S. Stamm, of Stamm Romero & Associates, P.C., L.L.O., for appellant.

Jonathan R. Brandt and Carson K. Messersmith, Senior Certified Law Student, of Anderson, Klein, Brewster & Brandt, for appellee.

Pirtle, Chief Judge, and Moore and Riedmann, Judges.

Pirtle, Chief Judge.

## INTRODUCTION

Austin Peterson appeals from an order of the county court for Buffalo County, which dismissed his complaint objecting to stepparent adoption proceedings. The county court found that it lacked subject matter jurisdiction over the complaint. Based on the reasons that follow, we reverse, and remand for further proceedings.

## BACKGROUND

Prior to the birth of the minor child in this case, Peterson was in an exclusive dating relationship with Jodi Jacobitz, now known as Jodi Ronhovde (Ronhovde). Throughout the relationship, Ronhovde lived in Kearney, Nebraska. In early July 2012, Ronhovde informed Peterson that she was pregnant and that Peterson was the father of the child. Peterson denied that he was the father, and he subsequently blocked Ronhovde's telephone number and blocked her on social media sites. Throughout the pregnancy, Ronhovde attempted to contact Peterson, but was unsuccessful. Ronhovde continued to live and work in Kearney during her pregnancy.

On February 19, 2013, Ronhovde gave birth to Kooper J. at a hospital in Kearney, which is in Buffalo County. On March 20, a birth announcement was published in a local newspaper. Ronhovde also made several social media posts announcing Kooper's birth, and she attempted to make contact with Peterson over the course of the next few years.

On September 24, 2019, Peterson received a letter from Ronhovde's attorney via certified mail. The letter contained information that Ronhovde's husband intended to adopt Kooper, and it provided Peterson with information regarding his rights and options. Peterson claimed this letter was the first time he was ever notified that he might be Kooper's biological father.

On October 21, 2019, Peterson filed his "Complaint to Establish Paternity and Objection to Proposed Adoption" in the county court for Phelps County. Subsequently, the county court found that it did not have jurisdiction in the matter under Neb. Rev. Stat. § 43-104.05(4)(a) (Reissue 2016), which states that a complaint to establish paternity must be filed in the county where the child was born. The court then granted Peterson's motion to transfer the case to the county court for Buffalo County.

After the case was transferred, Ronhovde filed a motion to dismiss based on lack of subject matter jurisdiction, as well as other grounds not relevant to this appeal. The parties submitted briefs on the matter. By the agreement of the parties, the motion to dismiss was converted into a motion for summary judgment, pursuant to Neb. Ct. R. Pldg. § 6-1112(b), and the court held a hearing to allow both parties an opportunity to submit evidence.

At the hearing on Ronhovde's motion for summary judgment, the county court received into evidence affidavits from Ronhovde, Ronhovde's attorney, and Peterson.

After consideration, the county court dismissed Peterson's complaint for lack of subject matter jurisdiction. The court cited to Nebraska precedent holding that adoption proceedings are statutory in nature and that "the manner of procedure

and terms are all specifically prescribed and must be followed." The county court found that because the county court for Phelps County did not have jurisdiction over Peterson's complaint, it likewise did not have authority to transfer the case to Buffalo County; as a result, the court found it did not have subject matter jurisdiction of the case following the attempted transfer.

The county court entered a journal entry and order granting Ronhovde's motion for summary judgment on January 14, 2020. This appeal followed.

## ASSIGNMENTS OF ERROR

Peterson assigns, restated, that the county court erred in (1) finding that the county court for Phelps County improperly transferred the case to Buffalo County and (2) dismissing the case for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

[1-4] A jurisdictional issue that does not involve a factual dispute presents a question of law. *In re Adoption of Micah H.*, 301 Neb. 437, 918 N.W.2d 834 (2018). An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings. *Id.* To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id.* Appeals in adoption proceedings are reviewed by an appellate court for error appearing on the record. *Id.* When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Id.*

## ANALYSIS

*Transfer of Venue.*

Peterson argues that the county court erred when it found that the county court for Phelps County improperly transferred

the case. He claims that Nebraska's adoption statutes place "an onerous burden on the punitive [sic] father to know the location of the birth of the child." Brief for appellant at 9. He further argues that given the brief 30-day window in which he could file his objection to the proposed adoption of Kooper, it was in the "interest of justice" to transfer the case to the proper court. *Id.* at 13.

Section 43-104.05(1) states that a petition for adjudication of a notice of objection to adoption "shall be filed in the county court in the county where such child was born or, if a separate juvenile court already has jurisdiction over the custody of the child, in the county court of the county in which such separate juvenile court is located."

[5,6] In holding that the Phelps County Court had no subject matter jurisdiction over the case and therefore lacked the authority to order it to be transferred, the county court for Buffalo County relied on *Jackson v. Jensen*, 225 Neb. 671, 407 N.W.2d 758 (1987). In that case, the Nebraska Supreme Court held that where a trial court does not have subject matter jurisdiction over a case, it likewise does not have proper jurisdiction to transfer the case to a court that can exercise subject matter jurisdiction. See *Jackson v. Jensen, supra*. See, also, *Huff v. Otto*, 28 Neb. App. 646, 947 N.W.2d 343 (2020) (court action taken without subject matter jurisdiction is void). The Buffalo County Court determined that § 43-104.05(1) vested subject matter jurisdiction over an objection to adoption solely in the county where the child was born and that, therefore, any orders entered by the Phelps County Court in this case were void.

[7] However, we believe that § 43-104.05(1) is more properly characterized as a statute pertaining to venue, rather than to subject matter jurisdiction. Jurisdiction is the inherent power or authority to decide a case; venue is the place of trial of an action—the site where the power to adjudicate is to be exercised. *Burns v. Burns*, 296 Neb. 184, 892 N.W.2d 135 (2017). In our analysis of this matter, we find the Supreme Court's

interpretation of the State Tort Claims Act, Neb. Rev. Stat. § 81-8,209 et seq. (Reissue 2014, Cum. Supp. 2018 & Supp. 2019), to be instructive.

Section 81-8,214 states: "The district court, sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any suit or tort claim. Suits shall be brought in the district court of the county in which the act or omission complained of occurred . . . ."

In *Blitzkie v. State*, 228 Neb. 409, 416, 422 N.W.2d 773, 777 (1988), the court determined that the first sentence of § 81-8,214 pertained to jurisdiction and vested "the power to litigate tort claims against the State" in the district courts of the State of Nebraska. The court additionally concluded that the second sentence of § 81-8,214 indicated the place of venue, "the site for litigation of the tort claim against the State." *Blitzkie v. State*, 228 Neb. at 416, 422 N.W.2d at 777-78. "Thus, § 81-8,214 pertains to jurisdiction and venue, which are distinctly different aspects of tort litigation against the State." *Blitzkie v. State*, 228 Neb. at 416, 422 N.W.2d at 778. With similar reasoning to that in *Blitzkie*, we determine that § 43-104.05(1) specifies the appropriate venue for an objection to adoption to be litigated and is not a statute conferring jurisdiction.

[8] First, we frame § 43-104.05 in the wider context of Nebraska's adoption statutes as a whole. The Supreme Court has said:

> The procedure for adjudicating paternity set forth in § 43-104.05 is thus an integral part of the statutory mechanism for the adoption of a child born out of wedlock and is therefore a matter of adoption which falls within the exclusive jurisdiction of the county court or, under certain circumstances, a separate juvenile court.

*Armour v. L.H.*, 259 Neb. 138, 145, 608 N.W.2d 599, 604 (2000). See, also, Neb. Rev. Stat. § 24-517(11) (Cum. Supp. 2018) (each county court shall have "[e]xclusive original jurisdiction in matters of adoption . . ."). We conclude that

just as the Legislature vested the power to litigate tort claims against the State in the district courts, so has it vested the power to litigate adoption proceedings in the county courts of the State of Nebraska.

In *O'Neal v. State*, 290 Neb. 943, 863 N.W.2d 162 (2015), the Nebraska Supreme Court further differentiated between jurisdiction and venue in state habeas corpus proceedings. The *O'Neal* court held that a violation of the rule that a petition for writ of habeas corpus must be filed in the district court for the county where the petitioner is confined may have implications for venue, but that such a violation did not deprive jurisdiction over habeas corpus proceedings from "all district courts in Nebraska" pursuant to a statutory grant. 290 Neb. at 948, 863 N.W.2d at 167. The court then concluded that the district court erred in finding it lacked jurisdiction, because the petitioner had failed to file in the county in which he was confined. See *id.*

We turn now to § 43-104.05(1), keeping in mind the court's reasoning in *Blitzkie v. State, supra*, and *O'Neal v. State, supra*. Section 43-104.05(1) provides in part: "The petition shall be filed in the county court in the county where such child was born . . . ." When read in conjunction with § 24-517(11), that section gives jurisdiction to the county courts and § 43-104.05 places venue with the county in which the child is born, just as the first sentence of § 81-8,214 gives the district courts jurisdiction of tort claims and the second sentence governs venue. As with the provision from the State Tort Claims Act, § 43-104.05(1) specifies the proper court in which a claim should be filed—in this instance, an objection to adoption must be timely filed with the "biological father registry" pursuant to Neb. Rev. Stat. § 43-104.01 (Reissue 2016), and then a petition for the adjudication of the notice filed in the county court of the county where the child was born. We thus conclude that § 43-104.05(1) is a statute that pertains to venue and not to subject matter jurisdiction.

Therefore, although Peterson may have filed his "Complaint to Establish Paternity and Objection to Proposed Adoption" in the wrong venue, that did not deprive the county court for Phelps County of its exclusive original jurisdiction over adoption proceedings. See § 24-517(11). And because the Phelps County Court did have jurisdiction over this matter, it likewise had the authority to transfer the case to a different county court with proper venue. We therefore conclude the county court for Buffalo County erred when it found that the Phelps County Court's transfer order was void for lack of jurisdiction.

*Dismissal for Lack of Subject Matter Jurisdiction.*

Peterson next argues that the county court erred in granting Ronhovde's motion for summary judgment and in dismissing his complaint for lack of subject matter jurisdiction. He argues that because the county court for Phelps County "ha[d] the ability to transfer the case to Buffalo County in the interest of justice," the county court for Buffalo County incorrectly determined that the transfer order was void and that, consequently, it had no jurisdiction to hear the case. Brief for appellant at 17. Because we have determined that the Phelps County Court did have jurisdiction and could transfer the case to a different venue, we agree with Peterson's argument.

As we discussed above, § 43-104.05(1) pertains to venue and not to subject matter jurisdiction. Section 24-517(11) vests exclusive original jurisdiction over adoption proceedings in the county courts, whereas § 43-104.05(1) specifies the proper venue for an objection to adoption. We have determined that the county court for Phelps County was not lacking the power to litigate and that its orders entered in this case were not void. Although venue may not have been proper, the county court for Phelps County nevertheless had jurisdiction over the case and the authority to transfer it to the appropriate venue. In dismissing this case, the county court cited to *Jackson v. Jensen*, 225 Neb. 671, 407 N.W.2d 758 (1987); however, for the reasons set forth above, this reliance was misplaced.

We conclude that because the county court for Phelps County had jurisdiction over this case, it had the power to transfer it to Buffalo County, where venue was proper. Therefore, the county court for Buffalo County erred in dismissing Peterson's complaint for lack of subject matter jurisdiction.

## CONCLUSION

We conclude the county court for Buffalo County erred in finding that the county court for Phelps County improperly transferred the case to Buffalo County, and we conclude, therefore, that it also erred in dismissing Peterson's complaint for lack of subject matter jurisdiction. Accordingly, the journal entry and order of the Buffalo County Court dismissing Peterson's complaint is reversed, and the cause is remanded for further proceedings.

Reversed and remanded for further proceedings.