Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/10/2021 12:09 AM CDT

Austin Peterson, appellant, v.
Jodi Jacobitz, now known as
Jodi Ronhovde, appellee.

___ N.W.2d ___

Filed June 18, 2021.    No. S-20-097.

1. **Judgments: Jurisdiction.** A jurisdictional issue that does not involve a factual dispute presents a question of law.
2. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.
3. **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.
4. **Statutes: Legislature: Intent.** In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.
5. **Statutes: Appeal and Error.** The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.
6. ____: ____. An appellate court gives effect to all parts of a statute and avoids rejecting as superfluous or meaningless any word, clause, or sentence.

Appeal from the County Court for Buffalo County: John P. Rademacher, Judge. Affirmed.

Vikki S. Stamm and Sarah Hammond, of Stamm Romero & Associates, P.C., L.L.O., for appellant.

Jonathan R. Brandt and Carson K. Messersmith, Senior Certified Law Student, of Anderson, Klein, Brewster & Brandt, for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Heavican, C.J.

## INTRODUCTION

Austin Peterson (Austin) filed a "Complaint to Establish Paternity and Objection to Proposed Adoption" in the Phelps County Court. Concluding that it lacked "jurisdiction" because the minor child was born in Buffalo County, the court transferred the complaint to Buffalo County Court.

The Buffalo County Court concluded that the Phelps County Court lacked jurisdiction to even transfer the case to Buffalo County and dismissed for lack of jurisdiction. The Nebraska Court of Appeals reversed, and Jodi Jacobitz, now known as Jodi Ronhovde (Jodi), sought further review, which we granted. We affirm the decision of the Court of Appeals.

## BACKGROUND

Jodi gave birth to Kooper J. in February 2013 in Kearney, Nebraska. Prior to Kooper's birth, Jodi and Austin had engaged in a sexual relationship, but ceased dating before Kooper's birth.

Jodi subsequently was married. Jodi joined her husband in petitioning the Phelps County Court, seeking a stepparent adoption. As a part of that action, Jodi's counsel provided Austin with notice of the proposed adoption, as Jodi had identified him as Kooper's biological father.

Austin responded by filing a "Complaint to Establish Paternity and Objection to Proposed Adoption" on October 21, 2019, in the Phelps County Court. A hearing was held on December 17, at which time Austin motioned for a change of venue to Buffalo County "to comply with the jurisdictional

requirement." The Phelps County Court agreed and found that "according to [the] Nebraska Revised Statutes the Phelps County Court does not have jurisdiction in this matter" and Austin's "Motion to Transfer the case is granted." The complaint was then transferred to Buffalo County.

Jodi filed a motion to dismiss, arguing that under Neb. Rev. Stat. § 43-104.05 (Reissue 2016), the Phelps County Court never had jurisdiction and thus could not have transferred the case to Buffalo County. The Buffalo County Court agreed, stating that the "Court finds Phelps County Court lacked jurisdiction to transfer matter per Neb.Rev.Stat. Section 25-410. Thus the Buffalo County Court did not have jurisdiction."

Austin appealed to the Court of Appeals, which reversed, reasoning that this case hinged on the difference between venue and jurisdiction:

> Therefore, although [Austin] may have filed his "Complaint to Establish Paternity and Objection to Proposed Adoption" in the wrong venue, that did not deprive the county court for Phelps County of its exclusive original jurisdiction over adoption proceedings. See § 24-517(11). And because the Phelps County Court did have jurisdiction over this matter, it likewise had the authority to transfer the case to a different county court with proper venue. We therefore conclude the county court for Buffalo County erred when it found that the Phelps County Court's transfer order was void for lack of jurisdiction.[1]

We granted Jodi's petition for further review.

## ASSIGNMENT OF ERROR

In her petition for further review, Jodi assigns that the Court of Appeals erred in finding that the Phelps County Court had subject matter jurisdiction over Austin's complaint and accordingly could transfer the complaint to Buffalo County Court.

---

[1] *Peterson v. Jacobitz*, 29 Neb. App. 486, 493, 955 N.W.2d 329, 335 (2021).

## STANDARD OF REVIEW

[1-3] A jurisdictional issue that does not involve a factual dispute presents a question of law.[2] An appellate court reviews juvenile cases de novo on the record and reaches its conclusions independently of the juvenile court's findings.[3] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below.[4]

## ANALYSIS

This case requires us to interpret § 43-104.05 to determine whether the Phelps County Court had jurisdiction to transfer Austin's action to Buffalo County.

[4-6] In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense.[5] The rules of statutory interpretation require an appellate court to give effect to the entire language of a statute, and to reconcile different provisions of the statutes so they are consistent, harmonious, and sensible.[6] An appellate court gives effect to all parts of a statute and avoids rejecting as superfluous or meaningless any word, clause, or sentence.[7]

Section 43-104.05 provides in full:

(1) If a Notice of Objection to Adoption and Intent to Obtain Custody is timely filed with the biological

---

[2] *In re Adoption of Micah H.*, 301 Neb. 437, 918 N.W.2d 834 (2018).

[3] *Id.*

[4] *Id*.

[5] *Anderson v. A & R Ag Spraying & Trucking*, 306 Neb. 484, 946 N.W.2d 435 (2020).

[6] *E.M. v. Nebraska Dept. of Health & Human Servs.*, 306 Neb. 1, 944 N.W.2d 252 (2020).

[7] *Id*.

father registry pursuant to section 43-104.02, either the putative father, the mother, or her agent specifically designated in writing shall, within thirty days after the filing of such notice, file a petition for adjudication of the notice and a determination of whether the putative father's consent to the proposed adoption is required. The petition shall be filed in the county court in the county where such child was born or, if a separate juvenile court already has jurisdiction over the custody of the child, in the county court of the county in which such separate juvenile court is located.

(2) If such a petition is not filed within thirty days after the filing of such notice and the mother of the child has executed a valid relinquishment and consent to the adoption within sixty days of the filing of such notice, the putative father's consent to adoption of the child shall not be required, he is not entitled to any further notice of the adoption proceedings, and any alleged parental rights and responsibilities of the putative father shall not be recognized thereafter in any court.

(3) After the timely filing of such petition, the court shall set a trial date upon proper notice to the parties not less than twenty nor more than thirty days after the date of such filing. If the mother contests the putative father's claim of paternity, the court shall order DNA testing to establish whether the putative father is the biological father. The court shall assess the costs of such testing between the parties in an equitable manner. Whether the putative father's consent to the adoption is required shall be determined pursuant to section 43-104.22. The court shall appoint a guardian ad litem to represent the best interests of the child.

(4)(a) The county court of the county where the child was born or the separate juvenile court having jurisdiction over the custody of the child shall have jurisdiction over proceedings under this section from the date of

notice provided under section 43-104.12 or the last date of published notice under section 43-104.14, whichever notice is earlier, until thirty days after the conclusion of adoption proceedings concerning the child, including appeals . . . .

(b) Except as otherwise provided in this subdivision, the court shall, upon the motion of any party, transfer the case to the district court for further proceedings on the matters of custody, visitation, and child support with respect to such child if (i) such court determines under section 43-104.22 that the consent of the putative father is required for adoption of the minor child and the putative father refuses such consent or (ii) the mother of the child, within thirty days after the conclusion of proceedings under this section, including appeals, has not executed a valid relinquishment and consent to the adoption. The court, upon its own motion, may retain the case for good cause shown.

The Court of Appeals focused on that part of § 43-104.05(1), which reads: "[The] petition shall be filed in the county court in the county where such child was born . . . ." It concluded that as a county court with exclusive jurisdiction over adoption matters under Neb. Rev. Stat. § 24-517 (Cum. Supp. 2020), the Phelps County Court had jurisdiction over the action but that, per § 43-104.05(1), Phelps County was not the appropriate venue and the case should be transferred to the county court for the county of the child's birth, in this instance, Buffalo County. The Court of Appeals accordingly concluded that the Buffalo County Court erred in dismissing the complaint. The Court of Appeals does not address the impact of § 43-104.05(4)(a) on its reading of § 43-104.05(1).

In her petition for further review, Jodi focuses on that part of § 43-104.05(4)(a) providing that "[t]he county court of the county where the child was born or the separate juvenile court having jurisdiction over the custody of the child shall have jurisdiction over proceedings under this section . . . ."

Jodi argues that it is this language that provides for jurisdiction and that it clearly places sole jurisdiction with the county court located in the county of the child's birth. She argues that the Court of Appeals' decision wrongly reads the word "jurisdiction" in § 43-104.05(4)(a) to mean "venue."

We recognize the tension between subsections (1) and (4)(a) of § 43-104.05. But we conclude that the purpose of § 43-104.05(4)(a) is not to vest jurisdiction with a particular court—that power is conferred by § 24-517, which states that "[e]ach county court shall have the following jurisdiction: . . . (11) Exclusive original jurisdiction in matters of adoption, except if a separate juvenile court already has jurisdiction over the child to be adopted, concurrent original jurisdiction with the separate juvenile court." Rather, § 43-104.05(4)(a) describes when and for how long a court having jurisdiction should exercise that jurisdiction. We reach this conclusion by noting that we must give effect to the entire language of a statute and reconcile such so that our results are consistent, harmonious, and sensible. With that in mind, we turn to the language of § 43-104.05.

Subsection (1) of § 43-104.05 provides that the complaint should be filed in the county court for the county where the child was born. For the reasons expressed by the Court of Appeals, we agree that this is venue language and that the jurisdiction of a county court over adoption matters is conferred by § 24-517. Thus, § 43-104.05(1) is all about how to commence an action.

Subsection (2) of § 43-104.05 details what happens if the petition in subsection (1) is not filed or such a filing is not timely—in such cases, a putative father's consent is not required and his rights "shall not be recognized thereafter in any court." Conversely, subsection (3) of § 43-104.05 details what to do once a petition is timely filed, specifically detailing the trial a putative father is entitled to so that the court can determine whether his consent to an adoption is required.

Subsection (4) of § 43-104.05, though, is about timing and about how long the court in question should exercise authority over these proceedings—30 days after the conclusion of adoption proceedings. In sum, as noted above, subsection (4)(a) of § 43-104.05 does not confer jurisdiction; rather, it sets forth for what length of time a court's authority should be exercised. To read it in the terms proposed by Jodi would be inconsistent with, as well as superfluous to, the jurisdictional grant in § 24-517 and the venue language of § 43-104.05(1).

The Court of Appeals concluded that the Phelps County Court had jurisdiction to transfer Austin's complaint to Buffalo County because the challenged language in § 43-104.05(1) dealt with venue and not jurisdiction. This court holds that the language of § 43-104.05(4)(a) did not confer jurisdiction, but instead set forth the length of time for which the court should exercise its authority. There was no error in the Court of Appeals' decision reversing the dismissal of Austin's complaint by the Buffalo County Court.

### CONCLUSION

The decision of the Court of Appeals, reversing the county court's dismissal, is affirmed.

AFFIRMED.